Argued September 29, affirmed October 30, 1978

COSGROVE, *Appellant,*
*v.*
TAYLOR et al, *Respondents.*
(No. 31496, CA 10363)
585 P2d 757

Todd G. Brown, Corvallis, argued the cause and filed the brief for appellant.

J. W. Walton, Corvallis, argued the cause for respondents. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This is a suit in equity to set aside a deed by which the defendants were given their father's farm some five months before his death. Plaintiff is the surviving spouse. She claims that the decedent lacked sufficient mental capacity to execute the deed and that undue influence was used by the defendants to secure the deed. The trial court found that the decedent had the requisite capacity and that no undue influence was used by defendants. Plaintiff appeals.

■■ Our duty is to review the case de novo. Having conducted that review, we could add little of significance to the trial court's findings, and we therefore adopt them:

> "1. Mental capacity: The only evidence which raises any question about the grantor's judgment is that he apparently was unaware that he did not retain an estate for his life. He did reserve a life estate in the home to his wife with whom he was living harmoniously. The evidence establishes that the grantor had adequate mental capacity to sustain the execution and delivery of the deed.

> "2. Undue influence: The evidence establishes that although the grantor's ability to speak was impaired, his mental capacity was not. The evidence establishes that the grantor had previously long intended that his two daughters were to take title to the land on his death subject to a life estate in the stepmother in a portion of the land. The only question is whether he was unduly influenced in eliminating the stepmother's right to elect against the will. The efforts of the son-in-law may be characterized as somewhat self serving, but they may also be characterized as an effort by an experienced businessman to call to his father-in-law's attention the fact that he was in a position where his intentions might be frustrated, or defeated. The advice of Mr. Heilig does not appear to have been other than a lawyer would give to a client who had directly hired him. The mere fact that Mr. Heilig was selected, if not actually hired, by the son-in-law does not appear to have tainted the advice

[ 829 ]

given. The evidence proves that no undue influence was exercised."[1]

Affirmed.

---

[1](By this court) Three months after the execution of the deed, the grantor executed a new will, which was absolutely consistent with his having earlier made an effective disposition of the farm. No contention is made that he lacked mental capacity or was subject to undue influence when the will was made.